**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DONALD BERFORD JOHNSON, III,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-791-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Donald Berford Johnson, III, for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DISMISSED** as untimely.

## I. BACKGROUND

Petitioner is currently serving a sentence of 38 years' imprisonment for indecency with a child imposed May 8, 2023, following his conviction in Cause No. 1695457 in the 372nd Judicial District Court, Tarrant County, Texas. ECF No. 18-9 at 173–76. His judgment was confirmed on appeal. *Johnson v. State*, No. 02-23-00109-CR, 2024 WL 3364821 (Tex. App.—Fort Worth July 11, 2024). He did not file a petition for discretionary review until April 8, 2026. *Johnson v. State*, PD-0295-26 (2026). The Court of Criminal Appeals ("CCA") took no action as the petition was untimely and filed after the mandate had issued. *Id.*; ECF No. 18-20. Petitioner did not file a state habeas application. ECF No. 14, Ex. A; ECF No. 22 at 9.

## II. GROUNDS OF THE PETITION

Petitioner asserts a plethora of grounds in support of his petition. ECF No. 1.

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Statute of Limitations**

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682; *Alexander*, 294 F.3d at 629. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**C. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin*, 569 U.S. at 386; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that,

in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324, 329. In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley*, 523 U.S. at 623.

## IV. ANALYSIS

Petitioner's conviction was affirmed on July 11, 2024. *Johnson v. State*, 2024 WL 3364821. The judgment became final on August 12, 2024,[1] when the time for filing a petition for discretionary review expired. TEX. CODE CRIM. PROC. art. 44.45(b)(2); *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2013). Absent tolling, Petitioner had until August 12, 2025, in which to file his federal petition. It was not filed until June 16, 2026.[2]

In the "Timeliness of Petition" section of the form petition, Petitioner alleges that this is not the first time he has filed. ECF No. 1 at 9.[3] However, he has not submitted any proof of an earlier filing, much less shown to which court it was submitted or when. He also alleges that it has been less than a year since his petition for discretionary review was rejected by the CCA. However, the petition for discretionary review was not properly filed and does not count to toll limitations. In sum, Petitioner's list of excuses simply does not meet the test for showing that he is entitled to tolling of any kind. In particular, the allegation that he was robbed of his direct appeal, ECF No. 1 at 9, is belied by the appellate court's recitation of his filings in response to the *Anders*[4] brief filed by counsel. 2024 WL 3364821, at *1–*3. The appellate court agreed with counsel and Respondent that nothing in the record might arguably support his appeal. *Id.* at *3.

[1] Respondent notes that the thirtieth day was a Saturday, so the deadline was extended to the following Monday. ECF No. 14 at 8 & n.6.
[2] ECF No. 1 at 10 (signature page).
[3] The page number references to the petition are to "Page __ of 62" reflected at the top right portion of the document on the Court's electronic filing system.
[4] *Anders v. California*, 386 U.S. 738 (1967).

The petition is barred by limitations and, as Respondent points out, ECF No. 14 at 11–13, also unexhausted. The Court need not reach the merits.

## V. CONCLUSION

For the reasons discussed, Petitioner's application is **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** this **6th day** of **October 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE